# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 11 | **DATE** | 6/18/2003 |
| **CASE TITLE** | Bobbie Wilson, et al. vs. City of Harvey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendant's motion to dismiss (No. 4-1) is granted. The complaint is dismissed without prejudice. Plaintiffs have leave to file an amended complaint in this court, if they are able to state a claim under federal law, within 21 days.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **3** number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 19 2003 date docketed | |
| | Notified counsel by telephone. | | | 11 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 6/18/2003 date mailed notice | |
| ETV | courtroom deputy's initials | 03 JUN 18 PM 4:55 Date/time received in central Clerk's Office | ETV mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
JUN 1 9 2003

| | |
|---|---|
| BOBBIE WILSON and FRED WILSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF HARVEY, an Illinois Municipal ) <br> Corporation, ) <br> ) <br> Defendant. ) | No. 03 C 11 <br><br> Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

On January 2, 2003, Plaintiffs Bobbie and Fred Wilson brought this *pro se* action alleging that Defendant City of Harvey ("Harvey" or "the City") violated their equal protection rights under the Fourteenth Amendment by enforcing local ordinances that require the Wilsons to pay the City for garbage collection. Plaintiffs would prefer to dump their own garbage and be excused from paying the fee assessed by the City for that service. Plaintiffs allege, further, that Defendant's billing procedure, in which the City issues a single monthly bill for water and garbage collection service, violates the Constitution. Defendant moves to dismiss Plaintiffs' complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

For reasons explained below, the motion to dismiss is granted.

## BACKGROUND [1]

Plaintiffs Bobbie and Fred Wilson are residents of Harvey, Illinois, which they allege has a population made up of 95 percent African Americans.[2] (Complaint ¶ 2.) In a letter dated December 17, 2002, Plaintiffs advised the City's Mayor that Plaintiffs intended to save money by

---

[1] For purposes of a motion to dismiss, the court presumes the truth of all of Plaintiffs' well-pleaded factual allegations.

[2] Plaintiffs do not allege that they are African American, nor do they explain the racial make-up of the remaining five percent of Harvey's residents.



disposing of their own garbage and therefore no longer needed the garbage collection service provided by Defendant. (December 17, 2002 Letter from Bobbie Wilson to Nickolas Graves, Ex. 1 to Plaintiff's Complaint.) Bobbie Wilson stated in the letter that she made the decision to forgo the garbage collection service in an effort to save the $480 per year ($40 a month) service fee charged by Defendant for that service. (*Id.*) In this same letter, Bobbie Wilson explained that it would be convenient for her to dispose of her own garbage because she drives past the local garbage dump five days a week. (*Id.*) Based on their expectation that they would no longer be receiving garbage collection service, Plaintiffs requested that Defendant remove the $40 monthly charge for these services, which was included in the same billing statement with the water bill.³ (*Id.*; Complaint ¶¶ 2, 6; Plaintiffs' Monthly Billing Statements, Ex. 1 to Plaintiffs' Response to Motion to Dismiss.) Because these two fees are billed by Defendant in the same statement, Plaintiffs allege that if they do not pay the garbage collection portion of the bill, but pay for water service alone, Defendant will cancel the water service to their home for failure to pay. (Complaint ¶ 6.)

David Dillner, Corporation Counsel for the City of Harvey, responded to Plaintiffs on behalf of the City. Dillner's December 27, 2002 letter explained that Plaintiffs are not permitted to deposit their own garbage because Harvey is responsible for providing garbage collection for all of the residential units in the City of Harvey. (Complaint ¶ 3; December 27, 2002 Letter from Dillner to

---

³ Plaintiffs allege that they were charged $21 a month for garbage collection from 1997 to 2002 and currently, in 2003, the fee has increased to $40 a month for the same service. (Plaintiffs' Response to Motion to Dismiss, at 2; Plaintiffs' Monthly Billing Statements, Ex. 1 to Plaintiffs' Response to Motion to Dismiss.) To substantiate this claim, Plaintiffs have provided a single monthly billing statement for each of the years 1997 to 2002 from the City of Harvey. (*Id.*) Each monthly statement includes charges for a number of different services provided by Defendant, two of which are for water and garbage collection. (Plaintiffs' Monthly Billing Statements.) Although the bill provides one total amount to be paid, the bill is itemized to indicate the cost for each service. (*Id.*) The exact amounts indicated in certain statements provided by Plaintiffs are difficult to decipher because of the poor quality of the copies. The Plaintiffs' bills for September 20, 1998 and March 8, 2000, are clear enough, however, and indicate that the refuse fee was $21 for those months. (*Id.*) Although Plaintiffs allege that the refuse fee did not increase to $40 until 2003, the September 18, 2002 statement appears to include a $40 charge for refuse collection. (*Id.*) Plaintiffs did not provide a statement from 2003.

2

Bobbie Wilson, (Def.'s Letter"), Ex. 2 to Plaintiffs' Complaint.) As a result, Dillner stated, Plaintiffs would continue to be charged for the garbage collection service "in the same amount that all other residential units of the City incur." (Def.'s Letter.)

Dillner's December 27, 2002 letter made no mention of any ordinances relevant to the denial of Plaintiffs' request. In its motion to dismiss the complaint here, however, Defendant has attached the applicable Harvey ordinances related to garbage collection. Plaintiff has not challenged the content of these ordinances and the court takes judicial notice of these provisions.[4] The ordinances regarding garbage collection state that Defendant will provide at least weekly garbage collection service and prohibit anyone other than the City's waste disposal contractor from collecting or dumping garbage without a license. Specifically, these ordinances state:

> § 8-16-040    Collection
> For the purposes of fulfilling the requirements of this chapter, the superintendent of public works is authorized and directed to cause all garbage and household waste . . . to be collected regularly and systematically at least once each seven days . . .
>
> § 8-16-110    Removal and disposal of waste
> No garbage shall be burned, dumped or buried except upon written permit of the superintendent of streets and as he may direct in conformity with recognized sanitation practices.
>
> § 8-16-130    License fees
> A. No person, operating as a waste disposal firm, scavenger or otherwise, unless contracting directly with the city as its waste disposal contractor, shall remove waste from any residential, institutional or commercial premises or transport waste through the streets, alleys or public ways or dump, incinerate or in any other manner dispose of waste or contract for or permit himself or itself to be employed or engaged for any such removal, transportation or disposal, without first having secured a license for performing such waste disposal service from the clerk . . .

(Ex. B to Def.'s Motion to Dismiss.)

In addition, Defendant maintains that the cost of garbage collection service is only $10 per

---

[4] In ruling on a 12(b)(6) motion a district court may properly take judicial notice of matters of public record, such as ordinances enacted by the City of Harvey, without converting the 12(b)(6) motion into a motion for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

3

month, pursuant to an ordinance adopted on July 9, 2001. (Def.'s Motion to Dismiss Plaintiffs' Complaint, at 2.) Specifically, the ordinance states, "[t]here is imposed a fee upon each person receiving residential garbage collection services from the City in the amount of ten dollars ($10.00) per month. Persons receiving service shall be billed by the City on a monthly basis on a schedule to be established by the City Comptroller." (City of Harvey Ordinance No. 3083, Ex. A to Def.'s Motion to Dismiss.) Defendant provides no explanation concerning the billing statements submitted by Plaintiffs, however, and for the purposes of this motion, the court presumes the truth of Plaintiffs' allegation that they are being charged $40 a month for garbage collection.

Although Plaintiffs did not specifically identify § 8-16-130, or allege its unconstitutionality, they implicitly challenge the validity of that section by asserting that Defendant has no right to prevent them from dumping their garbage. (Plaintiffs' Response to Motion to Dismiss, at 1.) Plaintiffs claim, further, that they have the right to dump their own garbage in an effort to save money, a right that Plaintiffs allege is enjoyed by other individuals "across the land."[5] (Plaintiffs' Response to Motion to Dismiss, at 1.) According to Plaintiffs, the act of dumping garbage is "a personal responsibility under the control of the property owner." (Complaint ¶ 5.) They assert that the City's refusal to allow them to save money by dumping their own garbage constitutes a denial of their right to equal protection under the law. (Complaint ¶ 1.)

## DISCUSSION

On a motion to dismiss, this court accepts as true all well-pleaded facts and allegations in the plaintiff's complaint, and construes the complaint's allegations in the light most favorable to the plaintiff. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993). This court is not, however, required to accept as true conclusory statements of law. *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir.1995). To survive a motion to dismiss, a pleading need "only

---

[5] Plaintiffs do not specify what other municipalities or local governments permit residents to dump their own garbage.

4

contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint." *McCormick v. City of Chicago,* 230 F.3d 319, 323-24 (7th Cir.2000), quoting *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.,* 184 F.3d 623, 627 (7th Cir.1999). The court applies these standards liberally where, as here, the plaintiffs are not represented by counsel. *McCormick,* 230 F.3d at 324.

As the court understands the complaint, Plaintiffs are claiming that Defendant's garbage collection ordinances violate their right to equal protection under the Fourteenth Amendment. Plaintiffs believe they have a right to be responsible for their own garbage collection, which is being denied by Defendant. Plaintiffs also challenge Defendant's billing procedure, apparently on grounds that their failure to pay one portion of their bill (for refuse collection) will result in cancellation of their water service. Without explaining why, Plaintiffs assert that the City's practice of issuing a single bill for both services somehow also violates the equal protection clause.

Before addressing this claim, the court pauses to consider a jurisdictional matter not raised by either party. Under the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, this court may not "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Thus, if the court were to construe the challenged charge for garbage collection as a tax, the TIA would prohibit any exercise of jurisdiction over this matter. *Hay v. Indiana State Bd. of Tax Commissioners,* 312 F.3d 876, 878 (7th Cir. 2002) ("a federal district court must abstain from involving itself in questions regarding the collection of state taxes provided that state law provides a 'plain, speedy and efficient remedy' for challenges to the state tax law."); *Wright v. Pappas,* 256 F.3d 635, 636 (7th Cir. 2001) (the TIA "prevents taxpayers from running to federal court to stymie the collection of state taxes"); *Platteville Area Apartment Ass'n v. City of Platteville,* 179 F.3d 574, 582 (7th Cir. 1999) (the TIA applies to both state and local taxes and "forbids a federal court to enjoin the collection of taxes imposed under the authority of state law unless the taxpayer lacks an adequate remedy under state law.").

The TIA does not apply to fees assessed by a state or local government, however. *Hager*

5

*v. City of West Peoria*, 84 F.3d 865, 870 (7th Cir. 1996). In distinguishing between a tax and a fee, the court must examine "whether [the revenue] provides a general benefit to the public, of a sort often financed by a general tax, or whether it provides more narrow benefits to regulated companies or defrays the agency's cost of regulation." *Id.*, citing *San Juan Cellular Tel. Co. v. Public Serv. Comm'n of Puerto Rico*, 967 F.2d 683, 685 (1st Cir. 1992). "If the fee is a reasonable estimate of the cost imposed by the person required to pay the fee, then it is a user fee and is within the municipality's regulatory power . . ." (*Id.*) Plaintiffs allege that Harvey currently charges $40 for garbage collection, but does not allege the ultimate destination or purpose of this monthly payment. In the absence of such an allegation, the court believes it is reasonable to find that the funds are intended to pay for the cost of the service. Accordingly, the court concludes for purposes of this motion that the revenue raised by Harvey for garbage collection is a user fee, not a tax, and thus the Tax Injunction Act does not apply.

Having determined that it may exercise jurisdiction, the court now turns to the merits of Plaintiffs' equal protection claim. Plaintiffs claim that Defendant violated their equal protection rights by enforcing an ordinance that prohibited Harvey residents from dumping their own garbage. As the Supreme Court has explained, the equal protection guarantee is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "The Equal Protection Clause grants all citizens 'the right to be free from invidious discrimination in statutory classifications and other governmental activity.'" *Baumgardner v. County of Cook*, 108 F.Supp.2d 1041, 1053 (N.D. Ill. 2000), quoting *Harris v. McRae*, 448 U.S. 297, 322 (1980). Accordingly, the core of any equal protection claim is that plaintiff was treated different than similarly situated individuals. *Schroeder v. Hamilton School Dist.*, 283 F.3d 946, 950 (7th Cir. 2002) ("The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action.")

Plaintiffs' complaint, however, is void of an allegation that they are being treated in a

6

different manner than other Harvey residents. In fact, Plaintiffs do not allege that the ordinance prohibiting them from dumping their own garbage imposes any classification scheme at all. Even reading the complaint liberally, as it must for the purposes of this motion, the court finds that Plaintiffs have alleged that they are treated in the same manner as other residents of Harvey. In fact, Plaintiffs seek here to be treated differently than the rest of the Harvey residents, by being permitted to dump their own garbage. Because the Plaintiffs have not alleged that they are being treated in a different manner from other Harvey residents, Plaintiffs have failed to allege an equal protection claim and the court dismisses this claim without prejudice.

For similar reasons, the court grants Defendant's motion to dismiss Plaintiffs' claim regarding Harvey's billing procedures. The court notes again that Plaintiffs have failed to allege that they are billed in a manner that is different from the other residents of Harvey. Accordingly, they fail to allege an equal protection claim.

In the event Defendant's enforcement of the garbage collection ordinance and the applicable fee were construed as a violation of the Takings Clause of the Fifth Amendment, the court would have no jurisdiction to consider such a claim. Before a plaintiff has standing to raise a taking of a property interest in federal court, the plaintiff must avail himself of any state court remedies. *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985) (claim that change to zoning laws was a taking of a property interest was not ripe because respondent had not "obtained a final decision regarding the application of the zoning ordinance" or utilized the procedures already in place to obtain just compensation); *Daniels v. Area Plan Comm'n of Allen County*, 306 F.3d 445, 453 (7th Cir. 2002) (Takings Clause litigants alleging that the state has unjustly taken their property must first bring their claim in state court). Because Plaintiffs do not allege that they pursued any such claim in state court prior to seeking relief in federal court, the court lacks jurisdiction over any Takings Clause claim they might assert.

The court recognizes that the parties dispute the cost of the garbage collection services

provided to residents. Defendant claims that the fee is $10 as of 2001 and Plaintiffs claim that the fee has been between $21 and $40, but has never been $10. Plaintiffs have supported this claim by providing copies of their bills. In the event the Plaintiffs' allegations are correct and they have been overcharged for services provided by Defendant, they might have a claim for unjust enrichment or some other overcharge claim under state law. Because Plaintiffs have not alleged a federal claim, however, this court will dismiss any such state law claim without prejudice.

Finally, the court notes several requests Plaintiffs have asserted. First, Plaintiffs request additional time in which to file a class action complaint, presumably to include all the residents of Harvey who have been overcharged for garbage collection or those residents who seek to dump their own garbage. This request is denied; *pro se* litigants are not adequate representatives of other plaintiffs. *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (A non-attorney may not bring a class action lawsuit because a layman is "clearly too limited to allow him to risk the rights of other."), quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *see also Rutledge v. Lane*, 215 F.3d 1330 (Table, Text in WESTLAW at 2000 WL 689191, *4) (7th Cir. 2000) (a *pro se* plaintiff did not conform with the class certification requirement that he be able to "fairly and adequately protect the interests of the class.") Plaintiffs request, further, that the court grant Plaintiffs access to Defendant's water records. This is a request for discovery; Plaintiffs are invited to serve this request on counsel for the City, either in connection with an action for refund in state court or in this court, if Plaintiffs file an amended complaint here. In addition, Plaintiffs request that the court consider sanctioning Defendant, but Plaintiffs are unclear regarding the rationale for an award of sanctions in this matter. In the event that this request for sanctions is related to the alleged overcharge for garbage collection service, this request is properly addressed to the state court if a complaint on the overcharge is filed there. Finally, Plaintiffs request that the court refer this matter to the Cook County State's Attorney's Office. The court declines to make such a referral. Plaintiffs are free to contact the State's Attorney's office at anytime, on their own,

8

regarding their concerns.

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss (No. 4-1) is granted. The complaint is dismissed without prejudice. Plaintiffs have leave to file an amended complaint in this court, if they are able to state a claim under federal law, within 21 days.

ENTER:

Dated: June 18, 2003

REBECCA R. PALLMEYER
United States District Judge